IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CALDWELL GROUP LLC** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:19-CV-932 |
| | § | |
| **FEDERAL INSURANCE COMPANY** | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Caldwell Group LLC ("Plaintiff") hereby files this Original Complaint against Defendant Federal Insurance Company ("Defendant"). Plaintiff respectfully would show this Court the following:

## PARTIES

1.  Plaintiff Caldwell Group LLC is a Kentucky corporation with its principal place of business in Louisville, Kentucky. As such, it is a citizen of Kentucky.

2.  On information and belief, Defendant Federal Insurance Company is an Indiana corporation with its principal place of business in Whitehouse Station, New Jersey. As such, on information and belief, Defendant is a citizen of Indiana and a citizen of New Jersey. On information and belief, Defendant is an insurance company duly authorized to and conducting insurance business in the state of Texas. Defendant may be served through its registered agent at C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-4284. Plaintiff requests that Summons be issued for Defendant at this time and files a request for issuance of summons contemporaneously with this Original Complaint.

//

//

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

4. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391 because the property that is the subject of the insurance policy in dispute is situated in this judicial district and division.

## FACTUAL BACKGROUND

**Construction of the Storage Tank and Subsequent Damage**

5. The Canyon Regional Water Authority (the "CRWA") has been engaged in a large-scale groundwater project comprised of multiple well fields and associated water production, storage, treatment, and transportation facilities, which is generally referred to as the "Wells Ranch Project" (the "Project").

6. In furtherance of the Project, the CRWA determined that it needed an additional ground storage tank to supplement existing storage capacity at a booster station located at 2677 Leissner School Road, Seguin, Texas 78155 (the "Leissner Booster Station").

7. On or about August 30, 2016, the CRWA contracted with Caldwell Group LLC's affiliated company, Preload, LLC, to build the required ground storage tank (the "Contract"). Under the terms of that agreement, Preload agreed to build two (2) prestressed concrete ground storage tanks for the CRWA—one at the Leissner Road Booster Station and one at another location called the Wagner Booster Station.

8. Pursuant to the terms of the Contract, Preload commenced construction of a 2-million-gallon ground storage tank at the Leissner Road Booster Station in December 2016.

9. Preload subcontracted some of the work on the Project to Veritas Management Company, LLC d/b/a BlackCastle General Contractor ("BlackCastle").

10. BlackCastle performed site work on the Project, including subsurface site preparation, and constructed the soils foundation of the ground storage tank. Preload constructed the concrete foundation, walls and dome roof of the ground storage tank.

11. As required by the Contract, before being operational, Preload was obligated to perform a water tightness test on the tank pursuant to the ANSI / AWWA D110 standard applicable to the Project. Section 5.12 of the standard specifically addresses the "preparation" for the test:

> 5.12.1 *Preparation.* Fill the tank with potable water to the overflow level; close all inlet, outlet, and drain valves and ensure they are not passing water (leaking); and let it stand for at least 24 hr.

12. Only *after* such preparation is complete, does the measurement process and, therefore, the actual water tightness test begin.

13. Pursuant to the applicable standard, the CRWA commenced filling the tank to the overflow level, stopping periodically and letting the water sit in the ground storage tank.

14. During that time period, and before the tank at issue was filled to the top as required for commencement of the test, the CRWA discovered significant water leakage from the tank. As a result, water drained from the ground storage tank and was deposited in the surrounding land, including in a trench dug by another contractor adjacent to the tank.

15. Preload was notified of the water leak and ultimately retained an expert to evaluate the damage and the cause of it. That expert, Henley-Johnston & Associates ("HJA"), determined that the leak in the tank was the result of deflection of the concrete floor due to loss of support caused by the excavation of the trench adjacent to the tank's foundation. That contractor's work was not related to the Contract and was not work subcontracted by Preload.

//

**Insurance Information**

16. Defendant Federal Insurance Company issued an Inland Marine Insurance Policy to Plaintiff Caldwell Group LLC, bearing policy number 0664-23-43 IND and effective January 1, 2017 to January 1, 2018 (the "Policy"). The Policy has a $10 million limit of insurance subject to a $25,000 deductible.

17. The Policy includes the following coverage grant:

> We will pay for direct physical loss or damage to **construction works** caused by or resulting from a peril not otherwise excluded, not to exceed the applicable Limit Of Insurance for Construction Works shown in the Declarations.

18. "Construction works" includes all material owned by Plaintiff or owned by others and for which Plaintiff was legally liable "to be used in and become a permanent part of the construction" of an "insured construction project," which includes any construction project Plaintiff constructed to perform and to which the Policy requirements are satisfied. The Project satisfies those requirements.

19. The Policy also provides the time during which coverage applies to a specific project:

> Coverage applies to **construction works** for all **insured construction projects** which begin during the policy period shown in the Declarations.
>
> Coverage begins, subject to all other terms, conditions and limitations of this policy, when you first become responsible for the **construction works**, but not before the effective date of this Contract.
>
> Coverage ends when the first of the following occurs:
>
> * * *
>
> D.  **hot testing** begins; . . . .

20. In turn, "hot testing" is defined, in pertinent part, as "commissioning or performance testing."

21.     Plaintiff and Defendant dispute whether the Policy had terminated before the damage to the ground storage tank occurred because Defendant wrongfully claims that "hot testing" had begun.

22.     As noted, above, however, the water tightness test itself had not started yet; rather, *preparation* for the test had begun.

23.     Because "hot testing" had not commenced when the damage occurred, the Policy remained effective as to the Project and no exclusions apply to negate coverage for that damage.

## CAUSES OF ACTION

24.     Each of the foregoing paragraphs is incorporated by reference in the following causes of action:

**A.**     **Declaratory Relief**

25.     An actual controversy exists between Plaintiff and Defendant with respect to their rights and obligations under the Policy. In particular, a dispute exists as to the interpretation of the "Attachment and Termination of Coverage" provision in the Policy. In turn, a dispute exists as to Plaintiff's right to coverage for the full measure of damages to the ground storage tank.

26.     Plaintiff seeks a declaration that coverage for the ground storage tank had not yet terminated at the time the damage occurred because "hot testing" had not commenced. Further, Plaintiff seeks a declaration that, accordingly, coverage for the full measure of damages to the ground storage tank exists under the terms of the Policy.

**B.**     **Breach of Contract**

27.     The Policy sets forth contractual obligations on the part of Defendant to pay for direct physical loss or damage to "construction works," which includes the ground storage tank.

28. Plaintiff has performed its obligations under the Policy by paying its premium and timely notifying Defendant of its claim for covered damages.

29. Defendant has breached the Policy by not paying the amount owed under the Policy for the damage to the ground storage tank.

30. As a result of Defendant's breach, Plaintiff has sustained damages in that it has to pay for such repairs without the benefit of the assistance of its insurer.

**C.    Prompt Payment of Claims Act**

31. Defendant's failure to pay Plaintiff the amount owed under the Policy for the damage to the ground storage tank constitutes a violation of Section 542.051 et seq. of the Texas Insurance Code (the "Texas Prompt Payment of Claims Act").

32. Accordingly, Plaintiff, in addition to its claim for damages in connection with Defendant's failure to pay the amount owed under the Policy for the damaged ground storage tank, is entitled to an award of penalty interest at the rate of 18% per annum and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**D.    Attorneys' Fees**

33. Plaintiff engaged the undersigned counsel to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

34. Plaintiff prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal under Section 38.001(8) of the Texas Civil Practice and Remedies Code. In addition, and/or in the alternative, Plaintiff requests an award of attorneys' fees as permitted under the Prompt Payment of Claims Act.

//

//

## CONDITIONS PRECEDENT

35. All conditions precedent to Plaintiff's right to recover under the Policy have occurred, have been fully performed, or have been waived by Defendant.

## PRAYER

Plaintiff Caldwell Group LLC prays that, upon final hearing of the case, this Court adjudge the contractual obligations of Defendant Federal Insurance Company, that this Court declare and adjudge that Plaintiff recover all damages from and against Defendant that it may reasonably establish by a preponderance of the evidence, and that this Court award attorneys' fees through trial and any appeal, costs of court, pre- and post-judgment interest, and such other and further relief, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

SHIDLOFSKY LAW FIRM PLLC

By: */s/ Douglas P. Skelley*
Douglas P. Skelley
*Lead Attorney to be Noticed*
State Bar No. 24056335
doug@shidlofskylaw.com
Rebecca DiMasi
State Bar No. 24007115
rebecca@shidlofskylaw.com
7200 N. Mopac Expressway, Suite 430
Austin, Texas 78731
512-685-1400
866-232-8710 (Fax)

**ATTORNEYS FOR PLAINTIFF
CALDWELL GROUP LLC**